## McCullough v. McCullough

*R. Denning Gearhart,* for plaintiff.
*Allen C. Welch,* for defendant.

CHERRY, Sr. *J., Specially presiding,* February 27, 1985—This case is currently before the court on defendant's petition for termination of award of alimony. The above-named parties were married in April of 1972 and divorced in 1984. Defendant here contends that he should be relieved of any obligation to continue making the alimony payments specified in the post-nuptial agreement entered into between the parties since his former wife has commenced cohabitation with another within the meaning of section 507 of the Divorce Code, which terminates his alimony obligation per the agreement.

While the post-nuptial agreement by its terms employs the term "cohabitate" as used in section 507 of the Divorce Code, neither the agreement nor the code defines the term *cohabit* or *cohabitation.* As such the Statutory Construction Act (1 Pa.C.S. §1903(a)) requires that the term be construed ac-

cording to its common and approved usage. We must determine this definition to give effect to the parties' reasonable and probable intent and the purposes of the agreement.

Webster's New Collegiate Dictionary defines *cohabit* as: "To live together as husband and wife." Black's Law Dictionary defines *cohabitation* as: "To live together as husband and wife. The mutual assumption of those marital rights, duties and obligations which are usually manifested by married people, including but not necessarily dependent on sexual relations".

Volume fourteen of C.J.S. states that *cohabit,* in its broad sense, is to dwell or live with or together in the same place, house or abode. It is further stated that the term is more specifically defined as meaning to live together as husband and wife or man and wife lawfully or unlawfully as the case may be, as implying sexual intercourse or the possibility of sexual access.

A perusal of these sources and others, as well as an examination of case law from this jurisdiction and other jurisdictions, reveals that the term *cohabit* has a relatively flexible meaning, depending on the subject to which it is being applied. However, the common thread which generally runs through these various definitions is that cohabitation entails a dwelling or living together; having the same habitation; so that where one lives and dwells, there also does the other live and dwell. While this court may agree with petitioner that *cohabitation* does not require that the two persons sleep together every night, it seems clear that *cohabitation,* as used here, is not a visit, nor even a habit of visiting. We deem the term *cohabitation,* as used in section 507 of the Divorce Code and applicable to this case, to imply some constancy of relationship indicated by a

living or dwelling together. Mere unchastity or occasional post-marital indiscretions are not, by themselves, causes for reducing or terminating alimony.

In reference to the code, it is noted that section 501(e) allows for a modification, suspension or termination of an alimony order based on changed circumstances of a substantial and continuing nature. The obvious implication is that the cohabitation would have to be of a substantial and continuing nature to terminate alimony. It is also important to bear in mind the declared goal of the code to effectuate economic justice between the parties and to base alimony on actual need. 23 Pa.C.S. §102(a)(6).

The evidence produced here does no more than show that respondent, on several occasions, has visited the home of Mr. Denochick and has stayed late. Respondent admits that this has occurred. Based on the credible evidence, we conclude that petitioner has not sustained his burden of proving by a fair preponderance of the evidence that respondent has cohabited with another male, within the meaning of that term as determined above. Therefore, we enter the following

## ORDER

Now this February 27, 1985, it is the order of this court that defendant's petition for termination of award of alimony be and it is hereby dismissed.